IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ABE WILLIAMS, JR.,

    Petitioner,                   No.  2:11-cv-2181 GEB KJN P

    vs.

WILLIAM KNIPP,

    Respondent.               FINDINGS AND RECOMMENDATIONS
_____/

I. Introduction

        Petitioner, a state prisoner proceeding without counsel, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, based on claims challenging a December 22, 2009 decision of the California Board of Parole Hearings ("Board"), denying petitioner parole. Petitioner paid the filing fee. This action is before the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B), Local General Order No. 262, and Local Rule 302(c).

        Pending before the court is respondent's motion to dismiss the petition (Dkt. No. 13), pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"), on the ground that the petition fails to state a cognizable claim for relief. Rule 4 authorizes the summary dismissal of a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."

1

1  Rule 4; see O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) ("[R]ule 4 . . . 'explicitly
2  allows a district court to dismiss summarily the petition on the merits when no claim for relief is
3  stated'"), quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir.1983).

4        Petitioner filed an opposition to respondent's motion to dismiss (Dkt. No. 14), and
5  respondent filed a reply (Dkt. No. 15).  For the reasons that follow, this court recommends that
6  respondent's motion to dismiss be granted.

7  II.  Background

8        Petitioner is incarcerated at Mule Creek State Prison, serving a sentence of fifteen
9  years to life, plus three one-year enhancements, that commenced in 1987.  Petitioner's eighth
10 parole hearing was convened on December 22, 2009.  Pursuant to that hearing, the Board again
11 denied petitioner parole, and deferred for a period of three years petitioner's next parole hearing.
12 Petitioner challenged the denial in the state courts, exhausting his state court remedies.  The
13 Alameda County Superior Court denied his petition for writ of habeas corpus in a reasoned
14 decision filed October 21, 2010 (Case No. 80451) (hereafter "Super. Ct. Decision").  (See Dkt.
15 No. 1 at 143-50.)  Thereafter, both the California Court of Appeal, First Appellate District, and
16 the California Supreme Court issued summary denials, on December 22, 2010 (id. at 151), and
17 March 2, 2011 (id. at 152), respectively.

18       Petitioner claims that:  (1) the Board's decision is substantively reviewable in this
19 court pursuant to the "some evidence" standard set forth in Superintendent v. Hill, 472 U.S. 445
20 (1985) (Ground One); (2) pursuant to the Hill "some evidence" standard, the Board failed to
21 articulate sufficient reasons for finding that petitioner's release would create an unreasonable risk
22 of danger to the public (Ground Two); (3) the Board's denial of parole improperly extended the
23 duration of petitioner's sentence beyond that authorized by the California Penal Code (Ground
24 Three); (4) the Board's denial of parole violated petitioner's rights under the Eighth Amendment
25 and Equal Protection Clause, claims that allegedly were not fully addressed by the superior court
26 and therefore warrant this court's de novo review, pursuant to Williams v. Cavazos, 646 F.3d

626 (9th Cir. 2011) (Ground Four); (5) petitioner is entitled to an evidentiary hearing (Ground Five); and (6) petitioner is entitled to a certificate of appealability in the event this court denies the instant petition (Ground Six). These claims are interwoven in petitioner's briefing.

III. Discussion

    A. Due Process (Grounds One through Three)

Petitioner contends that this court must substantively review the Board's 2009 decision denying petitioner parole pursuant to the "some evidence" standard set forth in Superintendent v. Hill, 472 U.S. 445 (1985) (Ground One) because, under state law, petitioner has a "vested" right to immediate release on parole (Ground Three). In Hill, the Supreme Court held that the due process protections of the Fourteenth Amendment require that a prison disciplinary decision resulting in a prisoner's loss of good time credits must be supported by "some evidence" of an infraction. Hill, 472 U.S. at 454–56. Petitioner further contends that, pursuant to the Hill standard of review, this court must conclude that the Board failed to articulate sufficient reasons for finding that plaintiff's release would create an unreasonable risk of danger to the public (Ground Two). The court finds no merit to these claims.

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A protected liberty interest may arise from the Due Process Clause of the United States Constitution either "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citations omitted). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Nebraska Penal, 442 U.S. 1, 7 (1979) (there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby

3

gives rise to a constitutional liberty interest." Greenholtz, 442 U.S. at 12; see also Board of Pardons v. Allen, 482 U.S. 369, 376-78 (1987) (a state's use of mandatory language ("shall") creates a presumption that parole release will be granted when the designated findings are made).

Petitioner contends that he is serving a sentence beyond that authorized by the California Legislature, pursuant to California Penal Code sections 190 (punishment for murder); 2931 (institutional behavior credits), and 3000 (terms of parole). Petitioner argues that the length of his incarceration now exceeds his maximum eligible parole date, according him "vested [state] rights" to immediate release on parole, protected by his federal "liberty interests." (Dkt. No. 1 at 14.) Petitioner relies on the concurring opinion of Justice Ginsburg in Swarthout v. Cooke, 131 S. Ct. 859 (2011), wherein she opined that, "[i]f California law entitled prisoners to parole upon satisfaction of specified criteria, then Hill would be closely in point." Swarthout , 131 S. Ct. at 863. Petitioner contends that he has met the "specified criteria" of the cited state statutes, thus "entitling" him to immediate parole and, moreover, that these circumstances trigger application of the Hill "some evidence" standard to this court's substantive review of the Board's decision denying parole.

Examination of petitioner's Ground Three is in order. As summarized in his opposition to the motion to dismiss, petitioner asserts (Dkt. No. 14 at 6, 11 (emphasis deleted)):[1]

> [B]ased upon Petitioner's sentencing statute (i.e. §190) and California's controlling parole statute (i.e. § 3000), the BPH's paroling discretion over certain second degree murderers [] is severely limited: That is, the BPH's paroling discretion over second degree murderers sentenced between 1978 and June 3, 1998, is limited to the five-year period between the Minimum Eligible Parole Date (MEPD) and the Maximum Eligible Parole Date (Max-EPD). Once these [§] 190 prisoners reach the expiration of their minimum terms (Max-EPD), the BPH no longer exercises any paroling discretion, and an initial parole then becomes mandatory. Therefore, Petitioner does not argue the Board exercises no discretion over his parole release date, they do -- but, unlike other California indeterminate prisoners, [§] 190

---

[1] Citations to petitioner's opposition reflect the document's internal pagination. All other citations to the record reflect the court's electronic pagination unless otherwise noted.

> prisoners have an entitlement to a mandatory initial parole release at the expiration of Max-EPD. . . .[T]he third claim [§ 2931] involves the deprivation of statutorily mandated good time/behavior credits . . . .

The court initially notes that, generally, "violations of state law are not cognizable on federal habeas review." Rhoades v. Henry, 611 F.3d 1133, 1143 (9th Cir. 2010). Rather, federal habeas courts are "limited, at most, to determining whether the state court's finding was so arbitrary or capricious as to constitute an independent due process" violation. Studebaker v. Uribe, 658 F. Supp. 2d 1102, 1126 (C.D. Cal. 2009) (internal punctuation omitted), quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990). Moreover, "a state-law issue cannot be transformed into a federal issue merely by citing the Due Process Clause." Summer v. Board of Corrections of State of Idaho, 2005 WL 1458738, *6 (D. Idaho 2005), citing U.S. ex rel. Hampton v. DeTella, 39 F. Supp. 2d 1031, 1039 (D. Ill. 1998) (state law challenge does not become a basis for habeas corpus relief simply by recharacterizing it as an equal protection violation).

Petitioner's challenge premised on the cited state penal statutes, and his claim that good time credits can convert a life prisoner to a determinately sentenced prisoner, are without merit. It is well established that the credits petitioner is statutorily entitled to earn as a life prisoner have no direct impact on the amount of time he must actually serve, until the Board determines that he is suitable for parole and assigns him a parole release date. As the superior court below noted, "[p]etitioner was convicted of second degree murder and was sentenced to an indeterminate sentence of life with the possibility of parole. Therefore, Petitioner is subject to a maximum sentence of life in prison. Because the Board has not set his release date, Petitioner's sentence is the functional equivalent of a life sentence and does not exceed the statutory maximum, even though he has served 27 years in prison." (Super. Ct. Decision; Dkt. No. 1 at 150.)

The superior court's reasoning is supported by California case law. As the California Supreme Court has observed, "for convicted murderers . . . who are sentenced to an

indeterminate term, the connection between credits and actual release is greatly attenuated. Inmates sentenced to an indeterminate term generally do not receive Penal Code section 2933 [worktime] credits [analogous to Penal Code section 2931 behavior credits] and to the extent those inmates do receive credits towards their sentence, the credits go only towards advancing their minimum eligible release date, not their actual release from prison. . . . Deciding when to actually release an inmate serving an indeterminate term is governed by different rules and regulations." In re Jenkins (2010) 50 Cal. 4th 1167, 1179–80, citing In re Monigold (1988) 205 Cal. App. 3d 1224, 1227; In re Dayan (1991) 231 Cal. App. 3d 184; and In re Rosenkrantz (2002) 29 Cal. 4th 616, 653-54.

Thus, "[i]f a prisoner's incarceration time passes his MEPD, and he has yet to be found eligible for parole, computation of time credits is meaningless -- he will be released if and when found eligible, and then only after a computation of a release date under Board matrices." Cole v. Horel, 2007 WL 2221060, *4 (E.D. Cal. 2007) (findings and recommendations in Case No. 2:06-cv-0850 MCE GGH P, adopted by District Judge on Aug. 30, 2007.) Stated differently, "the credits that Petitioner is statutorily entitled to earn as a life prisoner have no direct impact on the amount of time he must actually serve until the Board determines he is suitable for parole and assigns him a parole release date." Bowens v. Sisto, 2011 WL 2198322, *13 (E.D. Cal. 2011) (findings and recommendations in Case No. 2:08-cv-1489 LKK CHS P, adopted by District Judge on Jan. 24, 2012).

For these reasons, the court finds that petitioner has no "vested state right" to immediate release on parole. Moreover, petitioner's reliance on the concurring opinion of Justice Ginsburg in Swarthout is unavailing. A full reading of Justice Ginsburg's concurring opinion[2]

---

2 Justice Ginsburg's concurring opinion in Swarthout provided in full:

In Superintendent, Mass. Correctional Institution at Walpole v. Hill, 472 U.S. 445, 455, 105 S. Ct. 2768, 86 L. Ed.2d 356 (1985), this Court held that, to comply with due process, revocation of a prisoner's good time credits must be supported by "some evidence." If California law entitled prisoners to parole upon

6

1  demonstrates that she deferred to, rather than rejected, the Ninth Circuit's earlier assessment, in
2  Hayward v. Marshall, 603 F.3d 546, 559-60 (9th Cir. 2010), overruled in part sub silentio by
3  Swarthout, supra, 131 S. Ct. 859, that the federal "some evidence" requirement applicable to the
4  revocation of good time credits in disciplinary proceedings does not apply to Board decisions
5  denying parole.  Rather, as recognized by Justice Ginsburg, the Ninth Circuit in Hayward, in
6  reliance on Greenholtz and other Supreme Court decisions, held that "the parole board retains
7  discretion to make a subjective decision," id. at 560 (citation omitted), because "release on parole
8  'depends on an amalgam of elements, some of which are factual but many of which are purely
9  subjective appraisals,'" id. at 559 (fn. omitted), quoting Greenholtz, 442 U.S. at 9, 10.

10        Petitioner is also incorrect in asserting that his claims present an issue of first
11  impression.  In Hatfield v. Board of Parole Hearings, 2011 WL 2437510 (C.D. Cal. 2011),
12  Magistrate Judge Abrams rejected an analogous argument that the Hill "some evidence" standard
13  should apply to the review of parole hearing decisions.  Petitioner therein theorized that the
14  granting, and revocation, of parole involved similar considerations because "a prisoner's accrual
15  of good time credits after meeting specified criteria regarding institutional behavior [is analogous
16  to] "a parole hearing . . . Board inform[ing] the prisoner of what factors need to be met in order
17  for the prisoner to be found suitable for parole at a later hearing." Hatfield, 2011 WL 2437510 at
18  * 3.  Magistrate Judge Abrams rejected this theory, reasoning:

> Petitioner's contention that this Court should rely on Hill instead of
> Greenholtz is unavailing.  As the Swarthout Court made clear, a
> federal habeas court reviewing a state parole claim is limited to

---

> satisfaction of specified criteria, then Hill would be closely in point.  See In re
> Rosenkrantz, 29 Cal. 4th 616, 657–658, 128 Cal. Rptr. 2d 104, 59 P.3d 174, 205
> (2002).  The Ninth Circuit, however, has determined that for California's parole
> system, as for Nebraska's, Greenholtz v. Inmates of Neb. Penal and Correctional
> Complex, 442 U.S. 1, 99 S.Ct. 2100, 60 L. Ed.2d 668 (1979), is the controlling
> precedent.  Hayward v. Marshall, 603 F.3d 546, 559–561 (2010) (en banc).  Given
> that determination, I agree that today's summary disposition is in order.

Swarthout v. Cooke, supra, 131 S. Ct. at 863 (Ginsburg, conc.)

7

> deciding only whether the procedural safeguards set forth in Greenholtz were satisfied. Swarthout, 131 S. Ct. at 862–63. Moreover, as Justice Ginsburg noted in the concurrence, and contrary to petitioner's interpretation of California's parole scheme, the "some evidence" standard discussed in Hill does not apply because California law does not automatically entitle prisoners to parole upon satisfaction of specified factors. Swarthout, 131 S. Ct. at 863 (Ginsburg, J., concurring); see Hayward, 603 F.3d at 559 (discussing difference between good time and parole, and concluding that Hill "is not on point" with respect to cases involving parole challenges). Rather, unlike the award of good time credits, parole remains a "discretionary, predictive decision." Hayward, 603 F.3d at 560 (citing Greenholtz, 442 U.S. at 13).

Hatfield, supra, 2011 WL 2437510 at *3 (fn omitted).

Under California law, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence, 44 Cal. 4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, supra, 29 Cal. 4th at 651-53. The Supreme Court has clearly held that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive federal requirement." Swarthout, 131 S. Ct. at 862-63. In other words, the Court specifically rejected the notion that there can be a valid claim under the Fourteenth Amendment for insufficiency of evidence presented at a parole proceeding. Id. California's parole statutes give rise to a limited federal liberty interest in parole for which "the Due Process Clause requires [only] fair procedures for its vindication." Id. at 862. Thus, the protection afforded by the federal due process clause to California parole decisions consists solely of the "minimal" procedural requirements set forth in Greenholtz, specifically "an opportunity to be heard and . . . a statement of the reasons why parole was denied." Id. at 862-63. These considerations constitute "the beginning and the end of the federal habeas court's inquiry into whether [a petitioner] received due process" before a parole board. Id. at 862.

Therefore, this court's review of petitioner's federal due process claim is limited to the very narrow question whether petitioner received adequate process at the challenged parole hearing. "Because the only federal right at issue is procedural, the relevant inquiry is what

process [petitioner] received, not whether the state court [and Board] decided the case correctly." Swarthout, 131 S. Ct. at 863.  This court is without authority, pursuant to a federal due process claim, to consider whether California's "some evidence" standard was correctly applied.  Id. at 861.

Therefore, petitioner's substantive challenge to the Board's 2009 decision denying him parole[3] fails to demonstrate a federal due process violation.  The record reflects that petitioner was present, with counsel, at the December 22, 2009, parole hearing; petitioner was afforded access to his record in advance; petitioner participated in the hearing; and petitioner was provided with the reasons for the Board's decision denying parole, including the Board's conclusion that "the prisoner is not suitable for parole and would pose an unreasonable risk of danger or threat to the public if released from prison." **(**December 22, 2009 Board Transcript; see Dkt. No. 1 at 136; see also id. at 136-41.)  According to the United States Supreme Court, the federal due process clause requires no more.

Accordingly, this court finds that petitioner is not entitled to relief on his federal due process claim, as reflected in Grounds One, Two and Three of the petition.  Rule 4, Fed. R. Governing § 2254 Cases.

////

---

[3] Petitioner contends that the Board improperly relied on the following reasons in denying petitioner parole: "(1) commitment offense and criminal and social histories, (2) psychological evaluation's 'moderate risk assessment," (3) the BPH needs a more comprehensive understanding of the crime, and (4) petitioner lacked remorse and minimized his conduct." (Dkt. No. 1 at 18.)  The superior court specifically considered and rejected each of these claims (see Dkt. No. 1 at 146-49), concluding in pertinent part (id. at 147):

> Petitioner contends that there is no evidence that he currently poses an unreasonable risk to the public if released.  His claim lacks merits.  The record reveals that the Board gave individualized consideration to all relevant factors in addition to the commitment offense, including Petitioner's pre- and post-commitment conduct, forensic reports on Petitioner's mental state and overall dangerousness to society, Petitioner's disciplinary history, Petitioner's parole plans, and Petitioner's own statements at the parole hearing regarding the life offense. . . . The record supports all of the Board's findings.

B. Eighth Amendment, Equal Protection and Issues of First Impression (Ground Four)

Petitioner next contends that the Board's denial of parole violated his rights under the Eighth Amendment and Equal Protection Clause, and that these claims that were not fully addressed by the superior court, thus warranting this court's de novo review, pursuant to Williams v. Cavazos, supra, 646 F. 3d 626.

Petitioner's Eighth Amendment claim, that the Board's denial of parole violates petitioner's right to be free from cruel and unusual punishment because he is now serving a sentence greater than intended by the Legislature (see Dkt. No. 1 at 44-49), is without merit, for the reasons previously discussed. Petitioner has failed to demonstrate that he is serving a sentence longer than that intended by state statute.

Petitioner's Fourteenth Amendment equal protection claim is premised on petitioner's assertion that he is being deprived of earned credits. (Id. at 47-50.) Not only does petitioner fail to clarify how he was treated differently from other similarly situated prisoners, see e.g. McGinnis v. Royster, 410 U.S. 263, 269-70 (1973) (a petitioner raising an equal protection claim in the parole context must demonstrate both that he was treated differently from other similarly situated prisoners and that the Board lacked a rational basis for its disparate treatment), but the premise of this claim--that application of earned credits can convert a life sentence into a determinate sentence--is without merit, for the reasons previously discussed.

For these reasons, the court need not reach petitioner's further contention that the superior court declined to reach his Eighth Amendment and Equal Protection claims,[4] requiring this court's de novo review under Williams v. Cavazos, supra, 646 F.3d 626. Nevertheless, the court makes the following observation. The Supreme Court recently granted certiorari in Williams on the question, "Whether a habeas petitioner's claim has been 'adjudicated on the

---

[4] Petitioner asserts that the superior court ignored his equal protection claim, and misconstrued his Eighth Amendment claim, converting it into a claim of constitutional disparity between crime and sentence.

10

merits' for purposes of 28 U.S.C. § 2254(d), where the state court denied relief in an explained decision but did not expressly acknowledge a federal-law basis for the claim." See Cavazos v. Williams, 132 S. Ct. 1088 (Jan. 13, 2012); Petition, 2011 WL 4874095 at *i.  Thus, in Williams, the Court will consider whether the rule it announced in Harrington v. Richter, 131 S. Ct. 770, 784-85 (2011) (according presumption of merits determination to state court summary orders), applies to state court reasoned opinions.  Because this court finds no merit, even on a de novo review, to petitioner's Eighth Amendment and Equal Protection challenges, it need consider application of the Williams decision.

For these several reasons, the court finds that petitioner is not entitled to relief on his Eighth Amendment and Equal Protection claims, as reflected in Ground Four of the petition.  Rule 4, Fed. R. Governing § 2254 Cases.

    C.   Request for Evidentiary Hearing (Ground Five)

Pursuant to his argument in support of Ground Five, petitioner contends that he "is entitled to an evidentiary hearing . . . because the merits of his factual claim remains in dispute and unresolved, and the 'fact-finding' procedure employed by the state court was not adequately developed, and the 'trier of fact' (the superior court) did not afford the habeas applicant a full and fair hearing."  (Dkt. No. 1 at 46, citing Townsend v. Sain, 372 U.S. 293, 312 (1963) ("[w]here the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding").)

Petitioner contends that an evidentiary hearing is warranted in support of his Ground Two because "[t]he superior court findings of fact related to 'insight,' 'remorse,' the 'commitment offense,' and 'current dangerousness,' in support of the Board's parole denial, were contrary to the facts found by the Board's forensic psychologist."  (Dkt. No. 1 at 52.)  However, for the reasons previously discussed, this court is without authority to consider the substantive basis for the Board's parole denial, or the superior court's affirmation.

Petitioner also contends that an evidentiary hearing is warranted in support of his Ground Three because the superior court failed to address petitioner's assertion of vested state rights premised on the California Penal Code, and misconstrued petitioner's Eighth Amendment claim. (Id. at 53.) However, for the reasons previously discussed, these claims are patently without merit.

Petitioner fails to present any potentially meritorious grounds for relief that warrants obtaining additional evidence. Therefore, petitioner's request for an evidentiary hearing (Ground Five) should be denied.

### D. Request for Certificate of Appealability (Ground Six)

Petitioner requests, in the event this court denies his petition for writ of habeas corpus, that the court issue a certificate of appealability. (See Dkt. No. 1 at 53-54.)

There is no right of appeal from a district court's final order of a habeas corpus proceeding without a certificate of appealability. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). However, a certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing, or state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b).

For the reasons set forth herein, the undersigned finds that petitioner has not made a substantial showing of the denial of a constitutional right, or that reasonable jurists would find this conclusion debatable. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). Therefore, a certificate of appealability is not warranted.

Accordingly, petitioner's request for a certificate of appealability (Ground Six) should be denied.

////

////

IV. Conclusion

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (Dkt. No. 13), should be granted;

2. Petitioner's petition for writ of habeas corpus (Dkt. No. 1), challenging the Board of Parole Hearings' December 29, 2009 denial of parole, should be dismissed on all grounds; and

3. A certificate of appealability should not issue.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within 14 days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Should petitioner file objections, he may further address whether a certificate of appealability should issue in the event petitioner files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  A certificate of appealability may issue under 28 U.S.C. §2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

DATED: June 26, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

will2181.hc.mtd